IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:26-cr-24

E'MON AMBERS, et al.,
        Defendants.

## MEMORANDUM OPINION

On June 5, 2026, Armone' Ambers ("Armone'") filed DEFENDANT ARMONE' AMBERS' MOTION FOR SEVERANCE (the "MOTION") (ECF No. 93). For the reasons set forth below, it is hereby ORDERED that the MOTION (ECF No. 93) will be DENIED.

## I. BACKGROUND

On June 2, 2026, Armone' was charged in the SECOND SUPERSEDING INDICTMENT with Conspiracy to Commit Wire Fraud and Health Care Fraud, in violation of 18, U.S.C. § 1349 (COUNT I, as to Defendants E'Mon Ambers, Armone' Ambers, and Traquan Brown); Health Care Fraud, in violation of 18 U.S.C. §§ 1347 and 2 (COUNT III, as to Defendants E'Mon Ambers and Armone' Ambers); Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (COUNT VI, as to Defendant Armone' Ambers); Payment of Illegal Kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(2)(B) and 18 U.S.C. § 2 (COUNT IX, as to Defendants E'Mon Ambers and Armone' Ambers); and Transactional Money Laundering, in violation of 18 U.S.C. §§ 1957

and 2 (COUNT X, as to Defendants E'Mon Ambers and Armone' Ambers). See ECF No. 74.

On June 5, 2026, Armone' filed her MOTION seeking to sever her trial from that of her co-defendant and twin sister, E'Mon Ambers ("E'Mon"), pursuant to Fed. R. Crim. P. 14(a), on the grounds that "a joint trial would result in undue prejudice to her based on the exposure of the jury to irrelevant and unfairly prejudicial evidence that will compromise a reliable jury verdict." ECF No. 93 at 1, 4. Specifically, Armone' expects the Government to introduce "evidence of the billing and business practices of E'Mon at [Divine Youth Counseling (hereinafter, "DYC"),] which are, to a very large extent, irrelevant, inflammatory, and unfairly prejudicial" as it pertains to Armone'. ECF No. 93 at 2. In turn, Armone' argues that the admission of this evidence will have a spillover effect and "compromise the jury's ability to make a reliable judgment on Armone's guilt or innocence in a joint trial." ECF No. 93 at 2.

On June 8, 2026, the United States filed the GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SEVERANCE (ECF No. 100). On June 11, 2026, Armone' filed DEFENDANT'S ARMONE' AMBERS' REPLY TO THE GOVERNMENT'S RESPONSE TO HER MOTION FOR SEVERANCE (ECF No. 107). This matter is now ripe for review.

## II. LEGAL STANDARD

### A. Joinder of Defendants — Rule 8(b)

Federal Rule of Criminal Procedure 8(b) permits joinder of defendants. An indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Separate acts constituting separate offenses are within the "same series of acts or transactions" for Rule 8(b) purposes if they are "unified by some substantial identity of facts or participants." United States v. Haney, 914 F.2d 602, 606 (4th Cir. 1990) (quoting United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987)). The Fourth Circuit has explained that Rule 8's requirements are not "onerous" and that "Rule 8 permits very broad joinder . . . ." United States v. Cannady, 924 F.3d 94, 102 (4th Cir. 2019) (citation and internal quotation marks omitted).

### B. Relief from Prejudicial Joinder — Rule 14(a)

Federal Rule of Criminal Procedure 14 provides for relief from prejudicial joinder. "If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials . . . ." Fed. R. Crim. P. 14(a).

A defendant "faces an uphill battle in [a] severance argument. A defendant seeking severance pursuant to Rule 14 'has the burden

3

of demonstrating a strong showing of prejudice.'" United States v. Mir, 525 F.3d 351, 357 (4th Cir. 2008) (quoting United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984)). In other words, a defendant "bears the burden of showing that a joint trial would be so unfairly prejudicial that a miscarriage of justice would result." United States v. Williams, 10 F.3d 1070, 1080 (4th Cir. 1993) (citation omitted). "In determining whether to grant a Rule 14 motion, the court must balance potential prejudice of the defendants against judicial economic interests." United States v. Cerritos, 180 F. Supp. 3d 432, 436 (E.D. Va. 2016) (citing United States v. Stratton, 649 F.2d 1066 (5th Cir. 1981)).

"The Supreme Court has indicated that '[t]here is a preference in the federal system for joint trials of defendants who are indicted together.'" United States v. Najjar, 300 F.3d 466, 473 (4th Cir. 2002) (quoting Zafiro v. United States, 506 U.S. 534, 537 (1993)). This preference exists as both a matter of judicial economy and of fairness to defendants:

> [i]t would impair both the efficiency and the fairness of the criminal justice system to require that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.

Richardson v. Marsh, 481 U.S. 200, 210 (1987); see also United States v. Hickson, 506 F. App'x 227, 234 (4th Cir. 2013) ("Th[e]

4

preference [for joint trials] exists because '[j]oint trials are more efficient, and generally serve the interests of justice by avoiding the . . . inequity of inconsistent verdicts.'") (quoting United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012) (internal quotation marks omitted)); United States v. Lane, 474 U.S. 438, 449 (1986) ("[J]oint trials conserve . . . funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.") (internal quotation marks omitted).

"Accordingly, severance under Rule 14 is only warranted when 'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Najjar, 300 F.3d at 473 (quoting Zafiro, 506 U.S. at 539). "The defendant must 'establish that actual prejudice would result from a joint trial, . . . and not merely that a separate trial would offer a better chance of acquittal.'" Najjar, 300 F.3d at 473 (quoting United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995)); see also United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999) ("A defendant is not entitled to severance merely because separate trials would more likely result in acquittal . . . or because the evidence against one defendant is not as strong as that against the other.") (citations omitted). "When the potential for prejudice is raised by a defendant seeking a separate trial, 'less

5

drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" <u>Cerritos</u>, 180 F. Supp. 3d at 436 (quoting <u>Zafiro</u>, 506 U.S. at 539).

### III. ANALYSIS

At the outset, the Court finds, and neither Armone' nor the United States dispute, that joinder of co-defendants Armone' and E'Mon was proper under Rule 8(b). The only question, then, is whether Armone' has sustained her burden in establishing, pursuant to Fed. R. Crim. P. 14(a), that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Zafiro</u>, 506 U.S. at 539.

### A. Armone's Prejudice Arguments

<u>Zafiro</u> instructs that "[s]uch a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." <u>Id.</u> (citing <u>Kotteakos v. United States</u>, 328 U.S. 750, 774-775 (1946).

Armone' "anticipates that a very substantial portion of the evidence presented by the government to prove these charges will

be the actual billing practices and voluminous billing records of DYC, the business practices of DYC, and the revenue streams and profits derived by the company. The focus will not be on the care provided to the recipients, which was Armone's principal concern." ECF No. 93 at 3. Armone' asserts that "[t]hese very significant facts and evidence" "are irrelevant and highly prejudicial to [her] case[,]" and she "intends to prove at trial that she was not aware of the many intricacies of the billing and business practices at DYC, and the details of what was being billed." ECF No. 93 at 4. In turn, Armone' contends that "evidence that would be neither relevant nor admissible against [her] in separate trials [would] be introduced to her prejudice in a joint trial." ECF No. 107 at 2 (citing ECF No. 93 at 3).

Armone' argues that a jury will not be able to properly compartmentalize the disparate evidence with respect to each defendant, thereby creating "a substantial likelihood that the jury could convict Armone' on irrelevant, inflammatory evidence, especially considering that she is E'mon's identical twin sister." ECF No. 93 at 4. Finally, Armone' claims that even if this evidence were relevant to her, this Court should still grant severance because the alleged probative value of the evidence "is de minimis compared to the substantial prejudice that will result if it is admitted at trial." ECF No. 93 at 6 (citing Fed. R. Evid. 403).

**B. Armone' Has Not Satisfied Her Burden of Demonstrating a Strong Showing of Prejudice to Warrant Severance**

Having considered the arguments raised by Armone' in her MOTION, the Court now finds that Armone' has not satisfied her burden of demonstrating that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence" such that severance is warranted in this case. Zafiro, 506 U.S. at 539.

While Armone' asserts that she "had no hand in the actual billing" "and had no direct access to the funds billed for, received, and managed[,]" such that the evidence related to billing practices and processes would not be admissible against her in a separate trial, see ECF No. 107 at 2-3, the Government has indicated that it anticipates presenting evidence to establish that Armone' participated in the billing and business practices at DYC and "was an active participant in a conspiracy whose purpose was to fraudulently bill Medicaid for services that were not provided and to generate unlawful profits through the submission of false claims. The financial operations of Divine Youth, its billing practices, the creation of fraudulent claims, the payment of kickbacks, and the spending of proceeds from the fraud are therefore not collateral matters relevant only to E'mon; they are central components of the charged conspiracy itself." ECF No. 100

8

at 10. Here, Armone' has failed to "establish that actual prejudice would result from a joint trial . . . and not merely that a separate trial would offer a better chance of acquittal." Reavis, 48 F.3d at 767 (citations omitted). Moreover, the Court is confident that limiting instructions will suffice to cure any potential risk of prejudice. Zafiro, 506 U.S. at 539 (citing Richardson, 481 U.S. at 211). Therefore, severance is not warranted in this case.

## IV. CONCLUSION

For the reasons set forth above, DEFENDANT ARMONE' AMBERS' MOTION FOR SEVERANCE (ECF No. 93) will be DENIED by forthcoming order.

/s/

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 9, 2026

9