IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:26-cr-24

E'MON AMBERS, et al.,
     Defendants.

### MEMORANDUM OPINION

This matter comes before the Court on various pretrial motions. First, Defendant E'mon Ambers ("E'mon") moves to dismiss COUNT V of the Second Superseding Indictment. ECF No. 90. Second, Defendant Armone' Ambers ("Armone'") moves to dismiss COUNT VI of the Second Superseding Indictment. ECF No. 94. Third, Defendant Traquan Brown ("Brown") moves to dismiss COUNT VII of the Second Superseding Indictment. ECF No. 85. For the reasons set forth below, the Motions to Dismiss COUNTS V, VI, and VII of the Second Superseding Indictment (ECF Nos. 85, 90, 94) will be denied.

### I. BACKGROUND

On June 2, 2026, the United States filed the SECOND SUPERSEDING INDICTMENT (ECF No. 74), charging E'mon, Armone', and Brown (collectively, "the Defendants") with multiple offenses arising from an alleged Medicaid fraud scheme. As relevant here, the Second Superseding Indictment charges each of the Defendants with one count of Aggravated Identity Theft, in violation of 18

U.S.C. §§ 1028A and 2 [COUNTS V (E'mon Ambers), VI (Armone' Ambers), and VII (Traquan Brown) respectively]. ECF No. 74 at 18.

As to E'mon and Armone', the Second Superseding Indictment alleges that they "falsely claimed to provide services, including Crisis Stabilization, to Medicaid recipients who were incarcerated." ECF No. 74 at 14. According to the Second Superseding Indictment, "E'MON falsely claimed to provide services to C.J. on or about July 10, 2022, when in truth and in fact, C.J. was incarcerated in a regional jail. Likewise, ARMONE' falsely claimed to provide services to C.R. on or about August 23, 2022, when in truth and in fact, C.R. was incarcerated in a county jail. The co-conspirators could not and did not provide mental health services to recipients while the recipients were incarcerated." ECF No. 74 at 14-15 (emphasis added).

As to Traquan Brown, the Second Superseding Indictment alleges that, on or about July 18, 2023, Brown "fraudulently claimed to have provided 40 hours of services in the same eight-hour period for five different recipients in five different locations. In truth, BROWN did not provide any Medicaid mental health services on or about July 18, 2023; and yet, E'MON billed Medicaid over $21,000 for BROWN'S impossible service hours on that day." ECF No. 74 at 14 (emphasis added).

2

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides for dismissal of an indictment "where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012). When considering a motion to dismiss, "the indictment allegations are presumed to be true, and the motion should not ordinarily be used as a vehicle to test the sufficiency of the evidence behind the allegations." United States v. Treacy, 677 F. App'x 869, 873 (4th Cir. 2017). "An indictment may legally fail to state an offense by omitting a necessary element." United States v. Brewbaker, 87 F.4th 563, 572 (4th Cir. 2023). Alternatively, an indictment may fail to state an offense if "the allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004).

## III. ANALYSIS

18 U.S.C. § 1028A(a)(1) applies when a defendant, "during and in relation to any [predicate offense], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person . . . ." A felony violation of any provision contained in chapter 63 (relating to mail, bank, and wire fraud) qualifies as a predicate offense for the purposes of Section 1028A. As relevant here, it is alleged in COUNT I of the

3

Second Superseding Indictment that the Defendants engaged in a Conspiracy to Commit Wire Fraud and Health Care Fraud, in violation of 18 U.S.C. § 1349 (a provision contained in chapter 63). Section 1028A(a)(1) carries a mandatory minimum sentence of two years in prison in addition to the punishment for the predicate offense.

**A. E'mon Ambers' Motion to Dismiss COUNT V (Aggravated Identity Theft) of the Second Superseding Indictment (ECF No. 90)**

E'mon argues that COUNT V (Aggravated Identity Theft) must be dismissed against her "because the Second Superseding Indictment fails to allege that E'mon's conduct satisfies the elements of Aggravated Identity Theft under 18 U.S.C. § 1028A(a)(1), as interpreted by the Supreme Court in Dubin v. United States, 599 U.S. 110 (2023)." ECF No. 91 at 2.

In Dubin, the Supreme Court held that Section 1028A(a)(1) "is violated when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature of a billing method." Dubin, 599 U.S. at 114. The Supreme Court went on to note that, with fraud and deceit crimes (such as healthcare fraud), "the means of identification specifically must be used in a manner that is fraudulent or deceptive. Such fraud or deceit going to identity can often be succinctly summarized as going to 'who' is involved." Id. at 132.

4

Dubin involved a case where the defendant, David Fox Dubin, overbilled Medicaid for psychological testing by overstating the qualifications of the employee who actually performed the testing, thereby fraudulently inflating the amount of the reimbursement. Id. at 113-14. The Supreme Court found that Dubin's "use of the patient's name was not at the crux of what made the underlying overbilling fraudulent. The crux of the healthcare fraud was a misrepresentation about the qualifications of [Dubin's] employee. The patient's name was an ancillary feature of the billing method employed." Id. at 132 ("The Sixth Circuit's more colloquial formulation is a helpful guide, though like any rule of thumb it will have its limits. Here, however, it neatly captures the thrust of the analysis, as [Dubin's] fraud was in misrepresenting how and when services were provided to a patient, not who received the services."). In turn, the Supreme Court found that Dubin "did not use the patient's means of identification in relation to a predicate offense within the meaning of § 1028A(a)(1) . . . ." Id.

Here, E'mon's alleged use of C.J.'s name and Medicaid identification number is clearly "at the crux of what makes the underlying offense criminal" and not "merely an ancillary feature of a billing method." Id. at 114. As alleged in the Second Superseding Indictment, E'mon falsely claimed to provide services to C.J. (a Medicaid recipient) on or about July 10, 2022, "when in truth and in fact, C.J. was incarcerated in a regional jail." ECF

5

No. 74 at 14-15. According to the Second Superseding Indictment, E'mon "could not and did not provide mental health services to recipients while the recipients were incarcerated." ECF No. 74 at 15. In other words, the Government has charged E'mon with fraudulently using C.J.'s identity to obtain reimbursement from Medicaid for services that were never rendered to C.J. E'mon's alleged fraud was in misrepresenting who received the services (here, nobody) and not merely how or when services were provided to a patient. See Dubin, 599 U.S. at 132. Thus, unlike the circumstances in Dubin, the facts as alleged in the Second Superseding Indictment against E'mon present a classic case of identity theft falling within the heartland of Section 1028A left undisturbed by the Supreme Court's holding in Dubin. Accordingly, E'mon's Motion to Dismiss COUNT V will be denied.

**B. Armone' Ambers' Motion to Dismiss COUNT VI (Aggravated Identity Theft) of the Second Superseding Indictment (ECF No. 94)**

Armone' advances largely the same argument as E'mon, contending that COUNT VI (Aggravated Identity Theft) must be dismissed against her because "the Supreme Court in Dubin v. United States, 599 U.S. 110 (2023) precludes the application of § 1028A to the facts and circumstances presented under Count 6." ECF No. 94 at 1.

Similar to the allegations against E'mon, the Second Superseding Indictment alleges that Armone' falsely claimed to

6

provide services to C.R. (a Medicaid recipient) on or about August 23, 2022, "when in truth and in fact, C.R. was incarcerated in a county jail." ECF No. 74 at 14-15. According to the Second Superseding Indictment, Armone' "could not and did not provide mental health services to recipients while the recipients were incarcerated." ECF No. 74 at 15. Accepting those allegations as true, as the Court must at this stage, the alleged misuse of C.R.'s identity was "at the crux of what makes the underlying offense criminal" and not "merely an ancillary feature of a billing method" because the claim falsely represented who received services (once again, nobody) and not merely how or when services were provided to a patient. Dubin, 599 U.S. at 114, 132. Accordingly, COUNT VI sufficiently alleges Aggravated Identity Theft under Section 1028A and, in turn, Armone's Motion to Dismiss COUNT VI will be denied.

**C. Traquan Brown's Motion to Dismiss COUNT VII (Aggravated Identity Theft) of the Second Superseding Indictment (ECF No. 85)**

Brown asserts that Count VII (Aggravated Identity Theft) of the Second Superseding Indictment should be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(B). ECF No. 85 at 1. However, accepting the allegations of the Second Superseding Indictment as true, the Court concludes that COUNT VII sufficiently alleges Aggravated Identity Theft under Section 1028A.

Brown's alleged use of D.G.'s name and Medicaid identification number is "at the crux of what makes the underlying

7

offense criminal" and not "merely an ancillary feature of a billing method." Id. at 114. As alleged in the Second Superseding Indictment, Brown fraudulently claims to provide services to D.G. (a Medicaid recipient) on or about July 18, 2023, when "[i]n truth, BROWN did not provide any Medicaid mental health services on or about July 18, 2023; and yet, E'MON billed Medicaid over $21,000 for BROWN'S impossible service hours on that day." ECF No. 74 at 14 (emphasis added). Brown's alleged fraud was in misrepresenting who received the services (here, nobody) and not merely how or when services were provided to a patient. See Dubin, 599 U.S. at 132. Thus, unlike the circumstances in Dubin, the facts as alleged in the Second Superseding Indictment against Brown present a classic case of Aggravated Identity Theft under Section 1028A. Accordingly, Brown's Motion to Dismiss COUNT VII will be denied.

## IV. CONCLUSION

For the reasons set forth above, the Motions to Dismiss Counts V, VI, and VII of the Second Superseding Indictment (ECF Nos. 85, 90, 94) will be denied by forthcoming order.

/s/ _R E P_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 3, 2026

8